USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                 :

MARK SULLIVAN,                       :
                                 :
                Plaintiff,  :
                                 :            1:23-cv-5194-GHW
        -against-          :
                                 :            ORDER
PETER GELB, MARCIA SELLS,     :
STEPHANIE BASTA, *and* SAMUEL   :
WHEELER,                    :
                                 :
                Defendants.  :
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I.     BACKGROUND

This order resolves:  Plaintiff's two motions for judicial notice, Dkt. Nos. 30, 69; Plaintiff's motion for a stay, Dkt. No. 72; and Plaintiff's two motions "to correct the record," Dkt. Nos. 75, 80.  For the reasons described below, the motions filed at Dkt. Nos. 30 and 69 are denied with prejudice; and the motions filed at Dkt. Nos. 72, 75, and 80 are denied without prejudice.

## II.     DISCUSSION

### A.  Motions for Judicial Notice

On August 4, 2023, Plaintiff moved for judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201(b)(2), asking the Court to "tak[e] judicial notice of the definitions of the words 'discuss' and 'negotiate' and their distinction, one from another, as set forth in claimant's Memorandum of Law associated with this Notice."  Dkt. No. 30 at 1;[1] *see also* Dkt. Nos. 31 (Plaintiff's Mem. of Law), 32 (Plaintiff's Decl.).  On August 18, 2023, Defendants responded via

---

[1] All pagination throughout refers to ECF pagination, not native pagination, unless noted otherwise.

letters, citing their responses as contained in their motion to dismiss briefing.  Dkt. Nos. 50 (the Met

Defendants'[2] letter (citing Dkt. Nos. 40–42)), 51 (Mr. Wheeler's letter (citing Dkt. Nos. 40–44)).

On October 3, 2023, Plaintiff filed a second motion for judicial notice of adjudicative facts,

again pursuant to Rule 201(b)(2), this time asking the Court "to tak[e] judicial notice of the

definition of the words 'coerce', 'coercion', and their derivatives as set forth in claimant's

Memorandum of Law and Declaration in Support thereof associated with this Notice."  Dkt. No. 69

at 1; *see also* Dkt. Nos. 70 (Plaintiff's Mem. of Law), 71 (Plaintiff's Decl.).  On October 17, 2023,

Defendants responded via letters expressing that they did not intend to submit separate oppositions,

and that they would address this motion in their subsequent briefing on the motion to dismiss.  Dkt.

Nos. 78 (the Met Defendants' Response), 79 (Mr. Wheeler's response).

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not

subject to reasonable dispute because it (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned."  Fed. R. Evid. 201(b).  If a party requests judicial notice of a fact "and

the court is supplied with the necessary information," then the court "must take judicial notice" of

that fact.  Fed. R. Evid. 201(c).

"Central to Rule 201 . . . is the notion that federal courts take judicial notice of facts, not

documents."  *In re Manning*, 620 B.R. 199, 207 (W.D.N.Y. 2020).  Several courts have noted that "[a]

party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper

matter for judicial notice."  *See, e.g.*, *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1143 n.8 (D. Or.

2021) (citation omitted); *see also* CHARLES A. WRIGHT & ARTHUR A. MILLER, 21B FEDERAL

PRACTICE & PROCEDURE § 5108 (2d ed. 2022) (noting that, to require a court to take judicial notice

under Fed R. Evid. 201(c), a party must "provide information from which the court can conclude"

---

[2] The "Met Defendants" refer to Peter Gelb, Stephanie Basta, and Marcia Sells.

that the source within which the fact is contain is one "whose accuracy cannot reasonably be questioned"); *id.* § 5106.2 ("The burden of showing the accuracy lies on the proponent of notice.").

Further, "under New York contract law principles, words such as 'offer' are to be given their ordinary meanings; New York courts commonly use dictionary definitions to determine such meanings." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 171 (S.D.N.Y. 2015) (citing *Mazzola v. Cty. of Suffolk*, 143 A.D.2d 734, 735 (2d Dep't 1988) ("[I]t is common practice for the courts of this State to refer to the dictionary to determine the plain and ordinary meaning of words to a contract."); *10 Ellicott Square Court Corp. v. Mountain Valley Indent. Co.*, 634 F.3d 112, 120 (2d Cir. 2011)).  Generally, it is not necessary for courts to take judicial notice of dictionary definitions, which are "not the sort of materials for which judicial notice under Rule 201 is appropriate." *Joyner v. Alston & Bird LLP*, No. 21CIV8549ATSLC, 2022 WL 913061, at *2 (S.D.N.Y. Mar. 29, 2022), *opinion clarified*, No. 21CIV8549ATSLC, 2022 WL 997385 (S.D.N.Y. Apr. 1, 2022).

Plaintiff argues that the Court should take judicial notice of "the definitions of the words 'discuss' and 'negotiate' and their distinction, one from another . . . ." Dkt. No. 30 at 1.  These words appear in the Term Sheet.  Dkt. No. 1-4 at 3–6 (the "Term Sheet"); *see also id.* at 6 ("The parties agree to meet to discuss the return-to-work safety protocols including the Met's mandatory vaccination proposal within thirty (30) days of the execution of this Agreement, and as necessary depending on changing public health.").  Plaintiff seeks judicial notice of the definitions of "discuss" and "negotiate" as defined by the seventh and eleventh editions of Black's Law Dictionary, as well as the Merriam-Webster online dictionary.  Dkt. No. 31 at 3.  In addition, he seeks judicial notice of the definitions of "coerce" and "coercion" as defined by the same dictionaries.  Dkt. No. 70 at 3.

Plaintiff is correct in noting that, in practice, courts often reference dictionary definitions in their rulings, Dkt. Nos. 31 at 4, 70 at 3–4, particularly in the field of contract interpretation, *see Wells*

*Fargo Bank, N.A.*, 127 F. Supp. at 171; *Mazzola*, 143 A.D.2d at 735; *10 Ellicott Square Court Corp.*, 634 F.3d at 120.  And here, the Court may reference dictionary definitions in its adjudication of the pending motions to dismiss, Dkt. Nos. 86 and 90.  But it need not take judicial notice of any particular dictionary definition in resolving the motions to dismiss.  *See, e.g.*, *In re Bausch & Lomb, Inc. Sec. Litig.*, No. 01-CV-6190-CJS, 2003 WL 23101782, at *16 (W.D.N.Y. Mar. 28, 2003) (finding that a "dictionary definition may not properly be considered in resolving the motions to dismiss").  Therefore, Plaintiff's motions for judicial notice, Dkt. Nos. 30 and 69, are denied with prejudice.

### B.  Motion for a Stay

On October 10, 2023, Plaintiff filed a motion requesting that the Court "stay proceedings pending adjudication of Claimant's First Motion for Judicial Notice (Dkt. #30-32) regarding the definitions of the words 'discuss' and 'negotiate . . . .'"  Dkt. No. 72 at 1; *see also* Dkt. Nos. 73 (Plaintiff's Mem. of Law), 74 (Plaintiff's Decl.).  Defendants responded as part of their briefing on the motions to dismiss.  Dkt. Nos. 87 (the Met Defendants' Response), 91 (Mr. Wheeler's response).

Plaintiff argued for a stay because "[j]udicial notice of these definitions and distinctions has direct bearing on a threshold issue in this case:  whether [Plaintiff], by contractually agreeing to a 'discussion' of a potential policy, thereby consented to a 'negotiation' of a binding Policy as part of his contract."  Dkt. No. 73 at 3.  He additionally asserted that "[i]t is in the best interests of this Court to grant this stay, and rule on [Plaintiff's] First Motion for Judicial Notice, as a matter of judicial economy and to avoid unnecessary expense or delay.  Further, adjudicating this case prior to ruling on the First Motion for Judicial Notice would prejudice [Plaintiff], as these definitions are potentially dispositive to the case."  *Id.* at 4.

The Met Defendants responded that a stay is not warranted in part because "a stay would unnecessarily prolong this matter and cause greater expense because the Court can rule on the definitional issues raised in Plaintiff's Motion for Judicial Notice of Adjudicative Facts when it rules

on the Defendants' motions to dismiss."  Dkt. No. 87 at 31.  Defendant Wheeler, in turn, argued

that the definitions of the terms "negotiate" and "discuss" "have no bearing on Defendants'

motions to dismiss and are not proper subjects for judicial notice;" that the parties "of course could

discuss the issue and then reach agreement;" and that Plaintiff's claims "are preempted by Section

301" of the Labor Management Relations Act of 1947.  Dkt. No. 91 at 27.

Plaintiff's motion for a stay, Dkt. No. 72, is denied without prejudice.  As described above,

Plaintiff's motions for judicial notice are denied; no stay is necessary.  Plus, discovery has already

been stayed in this case pending resolution of the motions to dismiss.  *See* Dkt. Nos. 49, 53.  As the

Met Defendants acknowledge, Dkt. No. 87 at 31, issues of contract interpretation will be addressed

in resolving the pending motions to dismiss.  Given these circumstances, no stay is warranted.  *See,*

*e.g.*, *Bakken Res., Inc. v. Edington*, No. 15-CV-8686, 2018 WL 1353271, at *4 (S.D.N.Y. Mar. 15, 2018)

(citing *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304

(S.D.N.Y. 2009)).

### C.  October 13, 2023 Motion to "Correct the Record"

On October 13, 2023, Plaintiff moved, pursuant to Federal Rule of Procedure 60(a), "to

correct the record as set forth in Claimant's Memorandum of Law and replace Exhibits MM and

NN of his original Affidavit of Facts (Dkt. #1-7, pages 15-25) with updated versions attached to his

Declaration in Support thereof associated with this Notice."  Dkt. No. 75 at 1; *see also* Dkt. Nos. 76

(Plaintiff's Mem. of Law), 77 (Plaintiff's Decl.).  Plaintiff made this request because his "updated

'Exhibit MM' includes previously unavailable information supporting his claim for replacement costs

of disability insurance."  Dkt. No. 76 at 3.  Specifically, Plaintiff alleges that when he filed his

affidavit, he had not yet received a response from the Met regarding his request for information

about his disability insurance policy; having this information, Plaintiff asserts that the amount now

sums to $4,632, rather than $6,300.  *Id.*  In addition, Plaintiff seeks to update Exhibit NN to

"correctly account[] for pension benefits that would have accrued *exclusively* during the current contract period," which results in a total amount of $118,755, rather than the originally listed $627,705. *Id.* (emphasis in original). These statements were supported by Plaintiff's declaration, Dkt. No. 77, which supplied the updated version of Exhibits MM, Dkt. No. 77-1, and NN, Dkt. No. 77-2. For the reasons that follow, this motion is denied.

Pursuant to Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) permits the correction not only of clerical mistakes, but also of inadvertent errors 'arising from oversight or omission.'" *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 836 (2d Cir. 1984) (citation omitted). "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir.1995)) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir.1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."); 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2854 (2d ed. 1995) ("[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.")).

Under Rule 60(a), corrections should be made "not to reflect a new and subsequent intent of the court, but to conform the order to the 'contemporaneous intent of the court.'" *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 505 (2d Cir. 2007) (quoting *Marc Rich & Co. A.G. v. United States*, 739 F.2d 834, 836–37 (2d Cir. 1984)). The Second Circuit has stated that "[t]he relevant distinction is "between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later

6

discovers that the thing said, written or recorded was wrong.  The former comes within Rule 60(a); the latter does not." *In re Marc Rich & Co. A.G.*, 739 F.2d at 837 (quoting *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir. 1980)).  Last, "[t]he decision to award relief pursuant to Rule 60(a) rests within the sound discretion of the district court." *Peyser v. Searle Blatt & Co.*, No. 99 CIV. 10785 (WK), 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003).

Here, the proposed "corrections" do not concern "clerical mistake[s] or . . . mistake[s] arising from oversight or omission." Fed. R. Civ. P. 60(a); *see also In re Marc Rich & Co. A.G.*, 739 F.2d at 836.  The renewed statements regarding Plaintiff's alleged replacement costs of disability insurance and the "corrected" amount of pension benefits are erroneous, if at all, because Plaintiff has "later discover[ed] that the thing said, written or recorded was wrong," and not because Plaintiff misspoke in the sense of a clerical or inadvertent error. *See In re Marc Rich & Co. A.G.*, 739 F.2d at 836; *see also* WRIGHT ET AL., *supra*, § 2854.  "Errors" of this form—that is, those based on newly discovered information—do not come within the ambit of Rule 60(a). *See In re Marc Rich & Co. A.G.*, 739 F.2d at 836.

Rather than Rule 60(a), the proposed "corrections" or amendments are better characterized as subject to Rule 15(a), which provides that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  Here, Plaintiff's complaint was filed on or about May 17, 2023.  Dkt. No. 1; Dkt. No. 1-1 (the "Original Complaint").  Following a motion to dismiss, filed August 11, 2023, Dkt. No. 40, Plaintiff amended his complaint on September 1, 2023, Dkt. No. 56 (the "First Amended Complaint").  The First Amended Complaint was filed as a matter of right. *See* Fed. R. Civ. P. 15(a)(1).  But any subsequent amendments would require "the opposing party's written consent or the court's leave," under Rule 15(a)(2).  Plaintiff's request to "replace Exhibits MM and NN of his original Affidavit of Facts (Dkt. #1-7, pages 15-25) with updated versions" thereof is a

request to amend his complaint, inasmuch as Exhibits MM and NN of his original affidavit were presented in connection with his Original Complaint.  Dkt. No. 75 at 1; *see also* Dkt. No. 1-7.

For these reasons, the Court construes Plaintiff's motion to "correct the record" regarding exhibits filed along with his Original Complaint as a Rule 15(a) motion for leave to amend his First Amended Complaint.  And given that two motions to dismiss are already pending, Dkt. Nos. 86 and 90, and nearly fully briefed, Plaintiff's motion for leave to amend his First Amended Complaint, Dkt. No. 75, is denied without prejudice.[3]  Plaintiff may renew this motion following the Court's resolution of the pending motions to dismiss, which will be resolved by reference to the First Amended Complaint, Dkt. No. 56.

### D.  October 17, 2023 Motion to "Correct the Record"

On October 17, 2023, Plaintiff moved "to correct the record" regarding his First Amended Complaint, Dkt. No. 56, pursuant to Federal Rule of Civil Procedure 60(a).  Dkt. No. 80; *see also* Dkt. Nos. 81 (Plaintiff's Mem. of Law), 82 (Plaintiff's Decl.), 83 (Plaintiff's Affidavit).  Specifically, Plaintiff seeks to amend (1) the amount of compensatory damages sought, from $958,983 to $957,429, (2) a series of dates, (3) the names of two omitted defendants in one paragraph, (4) a series of apparent typographical errors of misnamed parties (e.g., swapping out "acting head of Human Resources" with "claimant" in First Amended Complaint ¶ 169; substituting "[S]ells'" with "[G]elb's" in First Amended Complaint ¶ 283, and (5) altering discrete terminology (substituting "discussions" for "conversations," and deleting the word "CBA" in the phrase "as part of the CBA collective bargaining process" in First Amended Complaint ¶ 336).  Dkt. No. 81 at 3.  Plaintiff additionally filed the proposed corrected pages at Dkt. No. 82, along with an additional affidavit and series of exhibits at Dkt. No. 83.

---

[3] The Court observes that this denial is unlikely to harm Plaintiff, as his request to "correct the record" would, if granted, reduce his claims for damages.  *See* Dkt. No. 76 at 3 (requesting downward departures as "corrections").

On October 27, 2023, Defendants responded.  Dkt. Nos. 93 (the Met Defendants'

Response), 94 (Mr. Wheeler's letter (citing Dkt. No. 91 at 20, n.8 (Mr. Wheeler's Response)).  The

Met Defendants' Response asserted that "Rule 60(a) is available only to correct a judgment 'for the

purpose of reflecting accurately a decision that the court actually made.'"  Dkt. No. 93 (quoting

*Hodge ex rel. Skiff*, 269 F.3d at 158 (citing *Truskoski*, 60 F.3d at 77; *Paddington Partners*, 34 F.3d at 1140;

Fed. R. Civ. P. 60(a)); *see also* Dkt. No. 91 at 20, n.8 (making a similar argument and asserting that

"[i]n order to amend his complaint, Sullivan must seek leave of the Court pursuant to Fed. R. Civ. P.

15," and that "[r]egardless . . . , Sullivan's motion as to an exhibit to his initial complaint is moot as

he has already filed an amended complaint," and "[a]ny motion to amend his First Amended

Complaint should be denied since the corrections proposed do not and could not address the

deficiencies identified herein").  On November 3, 2023, Plaintiff replied, citing to a case granting

leave to amend in the Rule 15(a) context.  Dkt. No. 97 (citing *In re Initial Pub. Offering Sec. Litig.*, 214

F.R.D. 117, 122 (S.D.N.Y. 2002)).[4]

For the reasons explained above, this motion, too, is more appropriately characterized as a

motion for leave to amend the complaint.  *See* Fed. R. Civ. P. 15(a).  And again, given that two

motions to dismiss are already pending, Dkt. Nos. 86 and 90, and nearly fully briefed, Plaintiff's

motion for leave to amend his First Amended Complaint, Dkt. No. 80, is denied without prejudice.

Plaintiff may renew this motion following the Court's resolution of the pending motions to dismiss,

which will be resolved by reference to the First Amended Complaint, Dkt. No. 56.

## III.   CONCLUSION

For the reasons described above, Plaintiff's two motions for judicial notice, Dkt. Nos. 30,

69, are denied with prejudice; and Plaintiff's motion for a stay, Dkt. No. 72, and his two motions "to

---

[4] More precisely, Plaintiff cited to a citation to *In re Initial Public Offering Securities Litigation* that appeared in *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 611 (S.D.N.Y. 2015).

correct the record," Dkt. Nos. 75, 80, are denied without prejudice. The Clerk of Court is directed

to terminate the motions pending at Dkt. Nos. 30, 43,[5] 69, 72, 75, and 80.

       SO ORDERED.

Dated: November 27, 2023
New York, New York

                                      GREGORY H. WOODS
                                   United States District Judge

---

[5] The motion to dismiss pending at Dkt. No. 43 was resolved by the Court's September 5, 2023 order, Dkt. No. 58, denying the motion to dismiss as moot following Plaintiff's amended complaint.